Filed 5/1/23  In re R.C. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| In re R.C., a Minor. | C097058 |
| C.K., | (Super. Ct. No. 22SA-06733) |
| Petitioner and Respondent, | |
| v. | |
| T.C., | |
| Objector and Appellant. | |

Appellant T.C. (father) appeals from a family court judgment terminating his parental rights as to the minor, R.C.  (Fam. Code, § 7822.)[1]  Father contends the family court did not comply with the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901

---

[1]  Undesignated statutory references are to the Family Code.

1

et seq.). We agree with father's claim and will reverse and remand to the family court for further ICWA proceedings.

BACKGROUND

Because the sole issue on appeal is ICWA compliance, a detailed recitation of the non-ICWA related facts and procedural history is unnecessary to our resolution of this appeal.

Father was once married to the minor's mother, A.C. (mother). The parents separated in 2017, and mother married C.K. (stepfather) in 2022.

In April 2022, stepfather filed an adoption request and a petition to declare the minor free from the parental control and custody of father. Stepfather requested the court terminate father's parental rights and allow stepfather to adopt the minor, alleging father intentionally abandoned the minor. The adoption request stated that "inquiry required under law to determine whether the child may be an Indian child has been made, and a completed *Indian Child Inquiry Attachment* (form ICWA-010(A)) is attached." The attached ICWA-010(A) form stated that stepfather asked mother about the minor's possible Indian status and was given "no reason to believe the child is or may be an Indian child."

Father made his initial appearance in the case by telephone at the June 17, 2022 hearing on stepfather's petition. Father stated his opposition to the petition and the court set the matter for a contested hearing. The court subsequently appointed counsel for father on its own motion.

A court-appointed investigator interviewed mother and stepfather in preparation for her report. Father, who was incarcerated on charges related to the abuse of mother and the minor, was not interviewed for the report. The investigator's report recommended the court terminate father's parental rights and grant stepfather's petition for adoption. The report made no mention of the ICWA.

2

Father was again present by telephone at the contested hearing on August 5, 2022. Father's counsel noted that, through no fault of father, the prison was unable to arrange for the court-appointed investigator to speak with father. Mother, father, and stepfather all testified and, after hearing argument and considering the investigator's report, the court took the matter under submission. Neither the ICWA nor the minor's possible Indian heritage were addressed during the hearing.

The court issued its written tentative ruling on September 1, 2022, granting stepfather's petition and terminating father's parental rights over the minor, freeing the minor for adoption by stepfather. The court's ruling did not mention the ICWA.

## DISCUSSION

Father contends the record on appeal does not show compliance with the requirements of the ICWA. He claims the court terminated his parental rights in the absence of any ICWA inquiry despite that he appeared in court several times. We agree.

"[A] proceeding to terminate parental rights under Family Code section 7800 et seq. is a 'child custody proceeding' within the meaning of the ICWA." (*In re Suzanna L.* (2002) 104 Cal.App.4th 223, 229, quoting *In re Crystal K.* (1990) 226 Cal.App.3d 655, 660-666.)

Rule 5.481 of the California Rules of Court[2] provides that where, as here, a party is seeking a declaration freeing the minor from the custody or control of at least one of the parents, or termination of a parent's parental rights, or a subsequent adoption, that party and the court "have an affirmative and continuing duty to inquire whether a child is or may be an Indian child . . . ." (Rule 5.481(a).) Additionally, that party "must ask . . . the parents . . . whether the child is or may be an Indian child" and "must complete the *Indian Child Inquiry Attachment* (form ICWA-010(A)) and attach it to the petition . . . ."

---

[2]    Undesignated references to rules are to the California Rules of Court.

3

(Rule 5.481(a)(1).)  Further, *the court must, at the first appearance by a parent, ask whether he or she knows or has reason to know the child is an Indian child*, instruct the parties to inform the court of any subsequently received information that provides a reason to know the child is an Indian child, and order the parent to complete a *Parental Notification of Indian Status* (form ICWA-020).  (Rule 5.481(a)(2)(A)-(C).)

Father was present for his first appearance in court on June 17, 2022, and then again on August 5, 2022.  At no time during either of those hearings did the court ask father about possible Indian ancestry or otherwise address the ICWA issue.  While the record reflects that stepfather inquired of mother about Indian heritage, nothing in the record suggests stepfather or anyone, including the court investigator, inquired of father about Indian heritage, and there is no evidence that father completed an ICWA-020 form declaring the absence of Indian ancestry.  The court took the matter under submission at the August 5, 2022 hearing and, on September 1, 2022, issued a written tentative and proposed statement of decision which did not address the ICWA or make any findings in that regard.  Under these circumstances, we cannot say the lack of inquiry was harmless because we do not know if a tribe was deprived of an opportunity in this case.  Accordingly, we will reverse and remand.

## DISPOSITION

The order terminating father's parental rights is conditionally reversed and the matter remanded to the family court with directions to conduct further inquiry and proceedings in accordance with the ICWA and, if applicable, notice as required by the provisions of the ICWA.  If the family court determines proper inquiry and notice has been effected, and no tribe asserts its rights under the ICWA, the family court shall reinstate its order terminating parental rights.  If the inquiry raises a reason to believe the

4

minor is an Indian child, the family court shall proceed according to the dictates of the ICWA.

                                                                  KRAUSE , J.

We concur:

     HULL , Acting P. J.

     BOULWARE EURIE , J.